## REDFIELD v. HART.

1. MORTGAGE: LIEN OF JUDGMENT. A general judgment on a note secured by mortgage, as to third persons attaches as a lien on the mortgaged premises, only from the date at which it is rendered. To render it a lien from the recording of the mortgage (under ₰ 3664, Revision of 1860,) it must be so ordered in the judgment.

2. SAME: GENERAL EXECUTION: SALE. A sale by a sheriff, of mortgaged property, under a general execution issued to enforce a judgment in which no special lien is ordered, does not affect the rights of subsequent incumbrancers who are not parties to the proceeding.

*Appeal from Fayette District Court.*

TUESDAY, DECEMBER, 3.

THE material facts are stated in the opinion of the court.

*M. McGlatherey* for the appellant.

*McClintock* and *Ainsworth* for the appellees.

BALDWIN, J.—The plaintiff claims the right to the possession of the property in controversy, by virtue of a title obtained in the following manner, viz : on the 11th day of March, 1857, one D. J. Marvin, executed a mortgage on said land to secure the payment of several promissory notes given by him to plaintiff, which mortgage was duly recorded at or near the date thereof.

On the 8th day of April, 1859, Marvin sold all his interest in the property mortgaged to the defendant Hart, who entered into immediate possession of the same.

On the 27th day of April, 1859, the plaintiff brought suit on one of the notes secured by the mortgage, and obtained judgment thereon. No reference was made to the mortgage in the petition of plaintiff upon the note. No lien was prayed for, nor any order made in said judgment for a special execution to issue against the property discribed in the mortgage. Nor was Hart who was in possession at the time the action was commenced, and had a title to said land, made a party to the suit; a general execution was issued, the property mortgaged sold at sheriff's sale and purchased by plaintiff. Upon the title made by the sheriff under such sale, the plaintiff bases his claim to the property.

The defendant relies upon his deed from Marvin, which was executed and delivered to him and recorded prior to the commencement of plaintiff's suit on the note.

The plaintiff claims, and the court below so held, that under § 3664 of the Revision, the judgment upon the note, and the lien thereby created, related back the date of the mortgage. This section provides, that when a judgment is obtained in an action on the bond, the property mortgaged may be sold on the execution issued thereon, and the judg-

ment shall be a lien thereon from the date of the recording of the mortgage.

The defendant Hart, being in possession of the mortgaged property, and having purchased all the interest therein of the mortgagors, certainly had all the equities that a junior incumbrancer could have, and should have been made a party to the plaintiff's action before his right could be prejudiced. *Veach* v. *Schaup et al.*, 3 Iowa, 194.

The plaintiff, however, did not bring an action of foreclosure, and did not ask to have his lien established in a court of equity. He disregarded all the rights of other parties, and relied alone on the above statutory provision, as giving him a lien from the date of the record of the mortgage, and now claims that sale under such judgment passed to him a title from the date of such recording.

The statute, it is true gives to the mortgagee the right to such a lien even in an action upon the bond. A mere judgment, however, as against a third person not a party to the proceedings, is only a lien from the date of its rendition; and in order to cause the lien to relate back, there must be some some order of the court enforcing such lien. The property mortgaged must be specified in the judgment, and a special execution directed against such property in order to give it any more effect than an ordinary judgment.

The lien of a mortgagee is a right conferred by the statute, but can be enforced only by an order of the court.

The judgment upon which the plaintiff's execution issued was a general one, no particular property was ordered to be sold. The equities of the defentant were not cut off, and the plaintiff having failed to ask for the enforcement of the lien given to him by virtue of his mortgage, the deed of the sheriff under such sale, did not pass to the plaintiff, a title paramount to that of defendants.

Reversed.