# THE STATE OF IOWA:

## DES MOINES, JUNE TERM, A. D. 1874.

IN THE TWENTY-NINTH YEAR OF THE STATE.

PRESENT:

Hon. WILLIAM E. MILLER, Chief Justice.
"    CHESTER C. COLE,
"    JAMES G. DAY.    } Judges.
"    JOSEPH M. BECK,

---

MORRISON v. MORRISON ET AL. AND BERRY ET UX.

1. **Mortgage**: MERGER: JUDGMENT ON PROMISSORY NOTE. The fact that a judgment has been obtained upon a note, without reference to the mortgage given to secure it, will not operate as a merger or extinguishment of the mortgage.

2. ———: LIEN: HOW ENFORCED. The lien of a mortgage may be enforced
   1. In an action on the note by an order making the judgment a lien as of the date of the mortgage, and for the enforcement of the judgment against the mortgaged property; *or*
   2. By a separate action to foreclose the mortgage.

3. **Conveyance**: COVENANT OF WARRANTY. When the first covenant in a deed is general it will not be restrained by a subsequent limited one unless an express intention to that effect appear, or the covenants are inconsistent.

4. **Mortgage**: NOTICE: EFFECT OF EXCEPTION IN COVENANT OF WAR-
RANTY. Where a mortgage is expressly excepted from a covenant of
warranty in a deed, that exception charges the grantee with notice, and
a foreclosure and sale of the mortgaged property gives the grantee no
right of action against his grantor who was the mortgagor.

5. ———: RES ADJUDICATA: PERSONAL LIABILITY. Judgment for defend-
ant in an action by the grantor to recover of the grantee the amount of
a mortgage which had been executed upon the land prior to the con-
veyance to grantee, determines merely that the grantee had assumed no
personal obligation to pay the mortgage, but does not discharge the
lien upon the land.

6. ———: EFFECT OF NOTICE. When the purchaser of land has notice in
his deed of an existing mortgage, executed by his grantor, he cannot be
subrogated to the rights of the mortgagee by the payment of the mort-
gage.

*Appeal from Johnson Circuit Court.*

THURSDAY, MARCH 19.

ACTION TO FORECLOSE MORTGAGE. Defense and cross bill by
Berry and wife. Judgment and decree for plaintiff Morrison.
The defendants Berry and wife appeal. The facts of the case
are stated in the opinion.

*Clark & Haddock*, for appellants.

*Fairall, Boal & Jackson*, for appellee.

MILLER, J. This action is brought by W. A. Morrison, as
the assignee of a judgment rendered in a suit at law on a note
made by J. W. Morrison to Charles H. Berryhill, and as the
assignee of a mortgage executed by said J. W. Morrison, to
said Berryhill to secure the payment of said note. J. W. Mor-
rison, the maker of the note and mortgage, and Henry N.
Berry and wife, the purchasers of the mortgaged premises from
the mortgagor, are made parties defendant at the suit of the
plaintiff, and a foreclosure of the mortgage is prayed.

On the 12th day of April, 1870, the defendants Berry and
wife filed an answer setting up the following defenses:

1. That after the rendition of judgment on the note
which the mortgage was made to secure, to-wit, January, 1870,

said judgment was fully, paid and satisfied by the payment by J. W. Morrison, of the amount thereof to the clerk for the .use and benefit of Berryhill; the plaintiff therein.

2. That the assignments of the judgment and mortgage were made after said judgment had thus been fully paid.

3. That said assignments were made after the termination of a suit in the District Court of Johnson county, at the January term, 1870, wherein J. W. Morrison was plaintiff, and these defendants were defendants, in which suit the whole matter involved in this suit was in issue, and was determined in favor of the defendants.

The record shows that on the 12th day of July, 1870, on motion of plaintiff the action was dismissed as to Berry and wife, and a judgment of foreclosure rendered against J. W. Morrison, the mortgagor; also that, on the same day, Berry and wife appeared and obtained leave to file a cross-bill, and on the next day they filed an additional answer and a cross-bill making the plaintiff, the defendant, J. W. Morrison and M. J. Morseman parties defendant. The facts set up in the answer and in the cross-bill are, in substance, that in February, 1868, Berry purchased of J. W. Morrison, who conveyed to Berry with warranty, a part of out lot No. 4, in Iowa City, for the consideration of $900, then paid; that at that time there was on said premises a mortgage for $800, made by said Morrison to Charles H. Berryhill, which was not then recorded, and of which Berry had no actual notice; that afterwards Berryhill elected to sue on the note which said mortgage was given to secure, and, without reference to the mortgage, obtained a judgment on the note against J. W. Morrison, in the Circuit Court of that county for $898.83 with costs; that a stay of execution on said judgment for one year was taken, by M. J. Morseman becoming surety therefor, who it is alleged is indemnified against liability thereon by said J. W. Morrison; that said judgment was and is a lien on real property in Johnson county not otherwise encumbered, and many times greater than said judgment, to which the plaintiff can resort. It is further alleged that on the 13th day of September, 1869, said James W. Morrison brought an action in the District Court

of Johnson county, against Berry to recover of him the amount of the Berryhill judgment against Morrison, on the alleged ground that he, Berry, had promised to pay the amount of the note and mortgage to Berryhill, as a part of the purchase money of the lot conveyed by said Morrison to him; that issue being joined in this action, the same was tried and found in favor of the defendant Berry, for whom a judgment was therein duly rendered; that Berryhill was then the owner and holder of the judgment on the note against J. W. Morrison, and also of the mortgage, and the present plaintiff had full notice of said proceedings and judgment in the suit of James W. Morrison against this defendant; that the pretended purchase of the Berryhill mortgage and judgment, by the plaintiff W. A. Morrison, was and is for the purpose, and with the intent to enable the said James W. Morrison to avoid the effect of the verdict and judgment against him in favor of Berry, and to thereby defraud him by rendering the mortgaged property liable for the amount of the Berryhill judgment. It is alleged that Berryhill expressly waived the mortgage, which fact was well known to plaintiff before he purchased the judgment and mortgage. It is also alleged that the plaintiff has ample security in the shape of property belonging to James W. Morrison, situated in the county, out of which the judgment may be collected, giving a list and description of the same; and it is averred that if the mortgage is foreclosed, the covenant of warranty in the deed from J. W. Morrison to Berry, will be substantially broken to the damage of Berry, in the amount adjudged to be due on the Berryhill judgment and mortgage.

It is prayed that the mortgage be not enforced against the premises mortgaged; that it be adjudged that Berryhill waived the mortgage, and that neither he nor his assignee, the plaintiff, be now permitted to foreclose the same; that the plaintiff be required to proceed first against the property of James W. Morrison, and that of Morseman, the surety for the stay of execution now expired; that in case this cannot be allowed, Berry be allowed to come in and pay the plaintiff the sum paid by plaintiff in the purchase of the mortage and judgment, and be subrogated to his rights, etc., and that

plaintiff be required to transfer said mortgage and judgment to Berry, etc. In the event that the court finds the plaintiff entitled to foreclose the mortgage, Berry then asks for a judgment against J. W. Morrison for the amount of the foreclosure, not exceeding such sum as Berry would be entitled to recover at law against said James W. Morrison on his covenants of warranty contained in his deed to Berry, and for general relief.

The answers of the respondents to the cross-bill are in effect denials of the material averments of the cross-bill; and that prior to the filing thereof Berry and wife had absolutely conveyed the mortgaged property, and had at the time of filing said cross-bill, no right or interest in said property, or any cause of action against J. W. Morrison.

The cause was reached for trial on the 29th day of December, 1871, the evidence of both parties adduced, and the cause submitted to the court, whereupon the court, on its own motion, made an order requiring the parties to advise the court of the value of the property in question by proper testimony to be taken to that end, and the cause was continued for that purpose. Berry and wife excepted to this order. After the taking of this testimony the cause was on the 3d day of April, 1872, finally submitted to the court, and a decree rendered, foreclosing the mortgage as prayed, and dismissing the cross-bill of Berry and wife.

I. It is insisted that there can be no foreclosure of the mortgage for the reason that Berryhill "elected definitively to pursue the note to general judgment intentionally, by waiving his right to enforce the mortgage," as shown by his testimony in the case. Berryhill's testimony on this point is as follows: "I sued on the note alone; it was secured by mortgage; I preferred to sue on the note alone."

The mere fact that Berryhill brought an action at law on the note and obtained judgment thereon without reference to 1. MORTGAGE: the mortgage, would not of itself operate as a merger: judgment on note. merger or extinguishment of the mortgage. On the contrary, the mortgage would remain a subsisting lien until the debt which it was given to secure was

in some manner satisfied. *State v. Lake*, 17 Iowa, 215, and cases cited; *Wahl v. Philips*, 12 Iowa, 82.

If the lien of the mortgage still subsists and is not merged in a judgment at law on the note, such lien subsists for some

2. ——: lien: how en- forced.

practical purpose. This purpose is for the enforce- ment of the lien; for surely the law will not allow the mortgagee to hold the lien of his mortgage, and deny him the right to enforce it. The lien exists and continues as a security for the debt for which it was pledged. To be of any value the mortgagee must have the power to enforce the lien for the payment of the debt. This may be done in one of two ways. First, in an action on the note where the plaintiff may have an order making the judgment a lien as of the date of the mortgage, and for the enforcement of the judgment against the mortgaged property. *Redfield v. Hart*, 12 Iowa, 355; *Christy v. Dyer*, 14 Iowa, 438. And, second, by a separate action to foreclose the mortgage, when no order for the enforce- ment of the lien has been made in the judgment on the note.

Is there anything in the testimony of Berryhill, showing that he intended to abandon the lien of his mortgage on the property described therein and rely solely upon a general exe- cution against the property of the judgment debtor? We think clearly not. He says he sued on the note alone. He preferred to do so. This preference may have been because he could obtain judgment sooner by thus suing, for in an action to foreclose, the defendant would have been entitled to sixty days after service to answer, and this might have made three months difference in the time of obtaining judgment, and such difference in time may have been the reason why Berryhill preferred to sue on the note. There is nothing to show that he had any intention to abandon or relinquish the lien of his judgment by suing alone on the note.

II. It is insisted that, as Morseman had become surety for a stay of execution on the judgment obtained by Berryhill against

3. CONVEY- ANCE: cove- nant of war- ranty.

Morrison, the plaintiff in this action should be required to pursue that security before pro- ceeding to foreclose the mortgage. This is not a case where one creditor of a common debtor has security upon

two or more funds while another creditor has security upon but one of such funds; and unless Berry purchased the lot without notice of the mortgage of Berryhill, taking a deed from his grantor, J. W. Morrison, with covenants of warranty against this incumbrance or against incumbrances generally, he does not come within the principle upon which appellants base this claim. The covenants in the deed from Morrison to Berry are as follows: "And I do hereby covenant with the said Henry N. Berry that I am lawfully seized of said premises, that they are free from incumbrance, that I have good right and lawful authority to sell the same, and I do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever, *except a mortgage for eight hundred dollars to Chas. H. Berryhill.*" It is quite clear that if it were not for the exception or limiting words following the general covenants, the covenant against incumbrances would be full and complete, but what effect must be given to these words of limitation. They were certainly intended by the parties to the deed to have some force and meaning. They can have none whatever, unless it be to restrain or limit the general covenant against incumbrances. There could have been no other object or purpose in inserting this language in the deed. The intention of the parties is so obvious as to admit of no doubt.

It is laid down as a general rule in Sugden on Vendors 608, deducible from the authorities, "that where the first covenant is general, a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appear, or the covenants be inconsistent."

In the case before us it is plain that the exception contained in the covenant of warranty was intended to restrain or limit the preceding general covenant against incumbrances. It is also quite clear that this exception or limitation is utterly inconsistent with such general covenant. Being so, the general covenant will be limited by the special exception in favor of the incumbrance mentioned in the deed. See in support of this conclusion, *Bender v. Fromberger*, 4 Dall., (Pa.) 440; *Attorney General v. Purmort*, 5 Paige 620; *Smith*

*v. Compton*, 3 Barn. & Adolph. 189; *Eastbrook v. Smith*, 6 Gray 572; *Alexander v. Schreiber*, 10 Mo. 460.

Although the Berryhill mortgage was not recorded at the time of the conveyance by Morrison to Berry, yet the special

4. MORTGAGE: notice: effect of exception in covenant of warranty.

language of the deed itself informed Berry of the existence of the mortgage and the amount thereof. He therefore purchased with notice of, and took a deed with covenant specially excepting, the mortgage. The mortgagee had nothing to do with the act of Morseman becoming surety for the stay of the execution, and his lien was in no manner affected thereby, nor his right to enforce the same.

III. It is further insisted that the plaintiff became the assignee of the mortgage and the judgment rendered on the note, *with notice* of the action of J. W. Morrison against Berry, in which action judgment was rendered for Berry, and that he, (the plaintiff,) is bound by that adjudication. That action was brought by James W. Morrison to recover of Berry the amount of the Berryhill mortgage, which, it was alleged, Berry had assumed and agreed to pay as part of the purchase money of the lot conveyed by Morrison to Berry.

The question involved was between Berry and his grantor, Morrison, and the result of the action was a judgment in favor

5. ——: res adjudicata; personal liability.

of Berry, the effect of which was that Berry had not agreed to assume and pay the Berryhill mortgage. Grant that the plaintiff had knowledge of this result, we fail to see how he can be affected. The adjudication in no respect affected the validity of the mortgage lien on the lot. It simply determined that as between J. W. Morrison and Berry the latter had not agreed to pay off the mortgage. A knowledge of this fact could not affect the right of the mortgagee or his assignee to enforce the lien of the mortgage which was upon the lot, in advance of the conveyance to Berry and subject to which he took his deed. The judgment determined merely that Berry had entered into no personal obligation to pay the Berryhill mortgage as a part of the purchase price of the lot, but it did not determine that the lot purchased by Berry from Morrison was or should be released

or relieved from the liability created and resting upon it, under the mortgage.

IV. It is further claimed by Berry that he should be permitted to come in and pay off the mortgage and be subrogated to the rights of the plaintiff to the securities held by him. This claim might be well founded if Berry's deed from Morrison protected him against this incumbrance; but, as we have seen, it does not. He purchased subject to, and with notice of, the incumbrance, and is not entitled to subrogation. And the judgment in favor of Berry in the action against him by Morrison did not affect the rights of any of the parties further than it was therein settled that Berry had not undertaken to pay off the mortgage as a part of the purchase price of the lot. That adjudication did not affect the lien of the mortgage or the rights and the liabilities of the parties thereunder, nor confer upon Berry the right of subrogation which he did not possess previously. Nor can Berry entitle himself to a judgment against J. W. Morrison, his grantor, by paying off the mortgage, not being protected against the mortgage by the covenant in his deed from Morrison.

*6. ——: effect of notice.*

AFFIRMED.