THOMAS B. ODELL, Respondent, v. WILLIAM MONTROSS, Appellant.

*Once a mortgage always a mortgage — application of rule.*

The rule, once a mortgage always a mortgage, is founded on the determination of courts of equity, to shield and protect the borrower, and preserve to him, against his own acts, induced by his distressed condition, the equity of redemption. It is not applicable to a case in which an absolute conveyance is made of real estate, with a parol agreement that it shall be considered as a mortgage; and when, more than a year thereafter, in consideration of the payment of a sum of money equal to the value of the equity of redemption, the owner of such equity, without fraud or undue influence, gives a receipt, stating that such sum is in

full satisfaction of all claims and demands, as to conveyance of property or otherwise.

In such case the estate becomes absolute in the grantee, the grantor being estopped by his acts, from claiming that it is otherwise.

The statute (1 R. S., 738, § 137) is not applicable to such a case.

APPEAL from the judgment of the Special Term in favor of the plaintiff, in an action brought for an adjudication, that the title of certain property was held by defendant as collateral security for a loan made to plaintiff; for an accounting, and for a reconveyance of said property.

*John A. Mapes*, for the appellant. The deed to defendant, being absolute upon its face, and unaccompanied by a written defeasance, vested the legal title to said premises in defendant. The rights of plaintiff therein were thereafter purely equitable, founded entirely upon parol proof, and enforceable only in a court of equity, in contravention of the strict rules of common law. Such right was merely an equitable right to redeem, unaccompanied by any legal title whatever to the property. The equitable right thus created by parol was capable of being released by parol, and the plaintiff having invoked the aid of a court of equity, and having, through that aid, been enabled to make his parol proof, defendant had the right to present the entire case, and it then became the clear duty of the court to give effect to the full intention of the parties. It is an old maxim that, "when equities are equal the law must prevail." (Will. Eq. Jur., 45; Francis' Maxims, max. 14; Fonbl. Eq., bk. 1, chap. 4, § 25.) If the defendant has an equal claim to the protection of a court of equity to defend his possession, as the plaintiff has to the assistance of the court to assert his right, the court will not interfere on either side. (Will. Eq. Jur., 45; Fonbl. Eq., bk. 3, chap. 3; *Beekman* v. *Frost*, 18 Johns., 562.) To the same end it is within the powers and province of the court to decree the execution of a new deed by plaintiff to effect that intention. (Will. Eq. Jur., 285; 1 Fonbl. Eq., bk. 1, chap. 3, § 9.) Defendant had already a perfect legal title — a perfect record title — unquestioned by any written instrument or by any purely legal proof that could be produced. It was only necessary that plaintiff should make a new agreement, canceling the old one, or surrender any defeasance he

might have. This would operate as an extinguishment of his equitable rights, and as an estoppel to him. "Equity treats a thing as done which ought to be done." (Will. Eq. Jur., 47.) The doctrine "once a mortgage always a mortgage" does not apply to the case at bar. (1 Wash. Real Prop., 496, §§ 23, 24; *Remsen* v. *Hay,* 2 Edw. Ch., 535; *Trull* v. *Skinner,* 17 Pick., 213; *Harrison* v. *Trustees, etc.,* 12 Mass., 456; *Vennum* v. *Babcock,* 13 Iowa, 194; *Green* v. *Butler,* 26 Cal., 595; *Wynkoop* v. *Cowing,* 21 Ill., 570.) Where the original instrument is in form an absolute deed, no new deed is necessary to carry out the new agreement for the relinquishment of the equity. A surrender and cancellation of any written defeasance, or any competent proof showing the actual intention or agreement, will be sufficient. (*Trull* v. *Skinner,* 17 Pick., 213; *Harrison* v. *Trustees, etc.,* 12 Mass., 456; *Vennum* v. *Babcock,* 13 Iowa, 194; *Green* v. *Butler,* 26 Cal., 595; *Falis* v. *Conway Ins. Co.,* 7 Allen, 46; *Wynkoop* v. *Cowing,* 21 Ill., 570.) The findings of facts being assented to, and no review thereof asked for on appeal, there can be no need of a new trial of the action, but the judgment below should be reversed, and judgment absolute ordered for defendant, with costs. (*Griffin* v. *Marquard,* 17 N. Y., 31; *Marquat* v. *Marquat,* 2 Kern., 336.)

*Thomas B. Odell,* for the respondent. "Once a mortgage always a mortgage," is a rule of law, to which there is no exception. (Willard's Eq. J., 427, 428; *Marks* v. *Pell,* 1 Johns. Ch., 594; *Strong* v. *Stewart,* 4 id., 167; *Clark* v. *Henry,* 2 Cow., 324; *Gilchrist* v. *Cunningham,* 8 Wend., 641; *Slee* v. *Manhattan Co.,* 1 Paige, 77; *Whittick* v. *Kane,* 1 id., 202; *Van Buren* v. *Olmstead,* 5 id., 9; *McBurney* v. *Wellman,* 42 Barb., 390; *Tibbs* v. *Morris,* 44 id., 138.) The interest of the mortgagee in the land is but an incident of the debt, and has no relation to a title or estate in the lands. (*Kortright* v. *Cady,* 21 N. Y., 347, 364; *Stoddard* v. *Hart,* 23 id., 560; *Bryan* v. *Butts,* 27 Barb., 503; *Syracuse City Bank* v. *Tallman,* 31 id., 207; *Sahler* v. *Signer,* 44 id., 614; *Farmers' F. I. and L. Co.* v. *Edwards,* 26 Wend., 554.) When the statute requires certain formalities to be observed, in order to the making of a valid deed, an instrument, though formal in all other respects, if deficient in one point, will be of no effect in passing an interest.

"Equity may, in some cases, reform an instrument, but it cannot make one." (Washburn on Real Prop., vol. 2, p. 59, vol. 3, 216; R. S., part 2, chap. 1, title 2, § 157.) Calling an instrument a deed, or delivering it as such, or believing or intending it to be such, will not make it a deed, without a seal actually affixed thereto. (Washburn on Real. Prop., vol. 3, 217, 245; *Warren* v. *Lynch*, 5 Johns., 238; *Jackson* v. *Wood*, 12 id., 73; *Van Santwood* v. *Sanford*, id., 197; *Jackson* v. *Wendell*, id., 355; *Morss* v. *Salisbury*, 48 N. Y., 636.)

BRADY, J.:

The learned presiding justice found the following to be the facts in this case, and the findings are not disputed:

"First. That on the 12th day of July, 1865, the plaintiff, Thomas B. Odell, was indebted to the defendant in sundry sums of money theretofore loaned and advanced to him, and paid for him by the defendant, William Montross.

"Second. That being so indebted on said 12th of July, 1865, it was agreed, by and between said plaintiff and defendant, that the plaintiff and his wife should execute and deliver to the defendant a certain deed, described and set forth in the complaint in this action, whereby the plaintiff conveyed to defendant certain lands at Fordham, Westchester county, New York, particularly described in the complaint in this action, and in said deed, which deed was absolute on its face, and purported to convey the fee-simple, absolute of said premises.

"Third. That said deed, though absolute on its face, was, pursuant to said agreement, executed and intended as a security for the indebtedness of the plaintiff to defendant then existing, and which might thereafter accrue; and that it was agreed and intended by the parties thereto that plaintiff should have the right of redeeming the said lands and premises, and be entitled to a reconveyance thereof upon the payment of said indebtedness then existing, or thereafter accruing, and interest.

"Fourth. That on the 17th day of September, 1866, the defendant paid to the plaintiff, at his request, the sum of fifty dollars, and plaintiff then and there signed and delivered to the defendant a paper, of which the following is a copy, viz.:

"New York, *September* 17, 1866.

"Received from William Montross fifty dollars in full satisfaction for all claims and demands whatsoever as to conveyance of property or otherwise up to this date.

"THOMAS B. ODELL."

That such payment was made and received, and such receipt signed and delivered, with the intention of both plaintiff and defendant, that the same should be a full settlement of all claims of plaintiff to said lands and premises, and of all claims to any reconveyance thereof.

"Fifth. That since said deed was given defendant has paid off an incumbrance by mortgage on said premises of $1,200, and interest thereon, and the expenses of discharging such mortgage; also, a judgment against the *plaintiff, which was a lien on said lands, and redeemed the same from a sheriff's sale* thereunder, and also divers sums of money for taxes and assessments on said premises, and has continued in the possession of said premises."

And the learned justice also found further:

"First. The agreement that the deed in question should be held by defendant as a security, and that plaintiff should be entitled to a reconveyance on the payment of the indebtedness which might be due from him to defendant (which agreement is mentioned in the previous findings), was an oral one, and was not reduced to writing.

"Second. The fifty dollars paid by defendant to the plaintiff on the 17th of September, 1866, together with the indebtedness at that time existing from plaintiff to defendant, was equal to the fair value of the property at that time, over and above the incumbrance thereon."

The conclusions of law, founded upon these facts, led to the success of the plaintiff. It was, among other results, declared that the deed was to be considered and treated as a mortgage only, and to be held as security for all sums due at its date, and all sums subsequently advanced; and that the paper executed on the 17th of September, 1866, and the payment made on that day in connection with it, were not sufficient, and did not operate to change the nature of the deed from a security to an absolute conveyance, or

to release the plaintiff's right to redeem the property. These views are evidently based on the propositions :

First. That once a mortgage always a mortgage, is a rule which applies to the deed as the supreme law of the land. (*Clark* v. *Henry*, 2 Cow., 324 ; *Henry* v. *Davis*, 7 Johns. Chan., 40); and —

Second. That the receipt was not a transfer of the plaintiff's title, because every grant in fee, or of a freehold estate, shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent. (1 R. S., 738, § 137.) This is evident from the fact found, namely, that the receipt and payment mentioned, were made with the intention that the same should be a full settlement of all claims of the plaintiff to the premises described in the deed, and to all claims for a reconveyance thereof; and from the further fact found, that the indebtedness existing at the time, from the plaintiff to the defendant, was, with the fifty dollars paid, equal then to the fair value of the property, over and above the incumbrances thereon. The reason of the rule, once a mortgage always a mortgage, seems to be the determination of courts of equity to shield the borrower, who, being much distressed at the time, is too much inclined to submit to any terms ; and hence the preservation to him of the equity of redemption. (*Clark* v. *Henry*, *supra*.) It is founded in justice and humanity, and should prevail and does, even when in the mortgage there is an agreement which changes it into an absolute conveyance upon any condition or event. (*Clark* v. *Henry*, and cases cited.) It will be readily understood, however, that the solicitude of the courts is to preserve the equity of redemption to which alone the grantor is entitled. The grantee shall not, in good conscience, deprive his debtor of his estate, by any advantage springing from the latter's embarrassments, and his eagerness to overcome them. The reason of the rule and its design is this and nothing more. (*Remsen* v. *Hay*, 2 Edw. Ch., 535.) It is to protect the debtor, with reference to the transaction in its original features, that the courts have exercised their power, and hence have applied the principle by transforming the absolute conveyance into its real character, namely, a transfer only as a security for a loan. The agreement, under which the defendant claims, is not within this principle. It was not made at the time of the execution

of the deed, and not until more than a year after that occurrence. Not only does this appear, but further, that the sum paid for the equity of redemption was quite equal to the value of the property over and above the incumbrances upon it. The defeasance was by parol. The surrender was in writing. It was intended to remove all claim to the property, and was founded upon a full and fair consideration. The effect was to release, or transfer to the defendant, the equity of redemption. It was the only claim that the plaintiff held against the deed, and this he could barter as he might any other interest. The principle of the rule, which declared the deed a mortgage, was no longer applicable. No advantage was attempted to be taken of his financial situation, because he received full value for the thing he sold, and his right of redemption resting entirely upon a doctrine of equity jurisprudence (*Horn* v. *Keteltas*, 46 N. Y., 609) having no expressed form in the deed, but growing out of extraneous circumstances, could be waived without violating the domain of good conscience. The question is not, therefore, whether the rule, once a mortgage always a mortgage, is to prevail; but whether the application of that rule may not be forfeited, or surrendered by the grantor for a valuable consideration; and, further, whether the receipt of the seventeenth of September was not a full and valid transfer of the equity of redemption.

It is said that the mortgagee may contract, subsequently to the mortgage, for the purchase or release of the equity of redemption, upon fair terms, although no agreement for a beneficial interest out of the mortgaged premises, while the mortgage continues, is permitted to stand if impeached in a reasonable time. (4 Kent Com., 143.) In this case, the agreement has not been impeached in any way. It has been held, also, that while the courts will not permit a mortgagee to take undue advantage of the mortgagor, there is nothing to prevent the former, by a new and subsequent agreement, from acquiring the equity of redemption in good faith, and upon a good consideration (*Remsen* v. *Hay*, *supra*; *Trull* v. *Skinner*, 17 Pick., 213; *Harrison* v. *Trustees, etc.*, 12 Mass., 456; *Vernum* v. *Babcock*, 3 Iowa, 194; *Green* v. *Butler*, 26 Cal., 595; *Wynkoop* v. *Cowing*, 21 Ill., 570); or from obtaining the surrender of a defeasance, where a deed absolute was given, but designed as a security only. (Cases, *supra*.)

In *Trull* v. *Skinner*, above cited, the court said : " The court are of opinion, that where an absolute deed is given, accompanied by a simultaneous instrument operating by way of defeasance, and afterward the parties, by fair, mutual stipulations, agree that the defeasance shall be surrendered and canceled, with an intent to vest the estate unconditionally in the grantee by force of the first deed, by such surrender and cancellation, the estate becomes absolute in the mortgagee.    The original conveyance stands unaffected in form and legal effect.    It conveys an estate in fee.    The only party who could even claim a right to deny it that operation, by engrafting a condition upon it, has voluntarily surrendered the only legal evidence by which that claim could be supported, and is thereby estopped from setting it up.    Such cancellation does not operate by way of release, working upon the estate, but rather as an estoppel arising from the voluntary surrender of the legal evidence, by which alone the claim could be supported."

In *Harrison* v. *Trustees, etc.*, the deed was absolute in form, but a written defeasance had been signed, which was afterward given up and canceled.    No new deed was executed.    Ch. J. PARKER, said : Nor can we see any reason, if the mortgage is by absolute deed and defeasance, why the mortgagor may not surrender the defeasance, and thus give an unconditional estate to the mortgagee, who is already seized, although of a defeasible estate.    The only question in such a case would be, whether the transaction was *bona fide* and free from fraud.    In *Green* v. *Butler*, the court said, the surrender of the defeasance to Butler to be canceled, and the retention of it by him, is, in law, a cancellation of that instrument, though it be not destroyed ; and, further, a court of equity will not aid a plaintiff to obtain a conveyance, under such circumstances, in direct violation of his own agreement, and in fraud of the rights of the defendant.    There can be no doubt that the plaintiff, in this case, surrendered and canceled the defeasance which converted the deed into a mortgage.    Such intention was clearly within the design of the parties when the receipt of September 17, 1866, was given, and that surrender was *bona fide* and for a valuable consideration.    The defendant, prior to the execution of that paper, was seized, although of a defeasible estate, and the surrender made his estate one of inheritance, by its legal operation.

The money was paid in full satisfaction of all demands whatever, as to property or otherwise, up to date.

It operated also as a transfer of the equity of redemption. It may be said that it was not, in form, a grant, under the statute (*supra*); but the statute is not applicable. The transfer was neither of an estate in fee, nor of freehold. (*Stodard* v. *Whiting*, 46 N. Y., 633.) A seal was not necessary therefore (id.); and that it was so to operate was the intention of the parties. All the circumstances detailed in the case lead to no other conclusion than that the estate of the plaintiff, in the land described, passed away from him, by acts which were designed to accomplish the transfer; and that, in its consummation, he was neither imposed upon nor wronged, in any respect; that he received full value for the grant, and that he presents, in his case, no reason for the interposition of a court of equity to aid him in violating his compacts, made freely, and without improper influences of any kind. The agreement made by the receipt of the seventeenth September should be held to be a waiver of the right to equitable relief, by which the deed should be declared a mortgage; to be a surrender and cancellation of the defeasance, and a transfer of the equity of redemption; and, as the result thereof, to confer an estate of inheritance absolute upon the defendant.

The judgment should, therefore, be reversed, and judgment ordered for the defendant, with costs.

DANIELS, J., concurred.

Judgment reversed and judgment ordered for defendant, with costs.