THOMAS H. THORN et. al., Appellants, *v.* JAMES SUTHERLAND et al., Respondents.

A conveyance of land simply as security for a debt due from the grantor to the grantee, does not constitute the latter owner of the property, or give him the right of possession or authority to lease, or to exercise any control over fixtures erected thereon by tenants.

Where a tenant who had placed fixtures upon the demised premises, for trade purposes, was induced to surrender his lease and possession of the premises with the fixtures thereon to his landlord, under an agreement with the latter that they might be so left, and that the tenant should receive the value thereof in case of a sale of the premises; or in case they were leased, that the landlord would purchase or procure his lessee to purchase, *held*, that by so leaving the fixtures, the tenant did not forfeit his title thereto.

Also *held*, where the landlord leased the premises with the fixtures thereon, to another, and upon demand both refused to surrender the same, that an action was maintainable against them for conversion.

In such an action, it appeared that the landlord had transferred title to the premises to P., who was not a party to the suit, as security for a debt; that P. commenced proceedings under the Landlord and Tenant Act against plaintiffs to dispossess them for non-payment of rent, which proceedings resulted in a judgment of dispossession by default; that before the judgment plaintiffs voluntarily surrendered possession to defendant S. their landlord, who immediately took possession, and soon thereafter leased the premises to another. *Held,* that said proceedings, in the absence of evidence that S. was a party or privy thereto, created no estoppel in his favor.

(Argued June 23, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 3, 1888, which affirmed a judgment in favor of defendants directed by the court on trial at Circuit.

This action was brought to recover for the alleged conversion of certain personal property belonging to plaintiffs.

The facts, so far as material, are stated in the opinion.

*William A. Coursen* for appellants. The defendant Sutherland, was the owner of the real property demised by the lease of the 1st of February, 1872, and James Payne and the executrix of his will, Jemima Payne, were merely mortgagees, at all times from the date of that lease to the commencement of this action. (*Odell* v. *Montross,* 68 N. Y. 499; *Murray* v. *Walker,* 31 id. 399; *Genet* v. *Davenport,* 56 id. 676; 66 Barb. 412; *B. N. Bank* v. *Duncan,* 12 Hun, 405; *Barry* v. *H. B. F. Ins. Co.,* 110 N. Y. 1; *McBurney* v. *Willman,* 21 Barb. 390; *Horn* v. *Keteltas,* 46 N. Y. 605; *Stoddard* v. *Whiting,* Id. 627; *Demarest* v. *Willard,* 8 Cow. 206; *Moffat* v. *Smith,* 4 N. Y. 126; *Riley* v. *Sexton,* 32 Hun, 245, 250; *Bennett* v. *Austin,* 81 N. Y. 308, 320.) The plaintiffs were the owners of the property sued for at the time of the conversion, June 4, 1877. (*G. M. Mills* v. *Quinn,* 76 N. Y. 23; *Kelsey* v. *Durkee,* 33 Barb. 410; *Dubois* v. *Kelly,* 10 id. 496; *Cook* v. *C. T. Co.,* 1 Den. 91; *Reynolds* v. *Shuler,* 5 Cow. 323; *Torrey* v. *Burnett,* 9 Vroom. 457; *Elwes* v. *Maw,* 3 East, 38; *Holmes* v. *Tremper,* 20 Johns.

29; *Livingston* v. *Sulzer*, 19 Hun, 375; *Ombony* v. *Jones*, 19 N. Y. 234; *Vorhees* v. *McGinniss*, 48 id. 278; *Potter* v. *Cromwell*, 49 id. 287, 297; *Murdock* v. *Gifford*, 18 id. 28; *Kinsey* v. *Bailey*, 9 Hun, 452; *Ford* v. *Cobb*, 20 N. Y. 344; *Smith* v. *Benson*, 1 Hill, 176.) The re-assignment from Moses B. Thorn to the plaintiffs was valid and vested the title to the property in the plaintiffs. (*Sheridan* v. *Mayor, etc.*, 68 N. Y. 30; *Allen* v. *Brown*, 44 id. 228; *City Bank* v. *Perkins*, 29 id. 554.)

*S. B. Brownell* for respondents. The complaint was rightly dismissed. (*Nemitty* v. *Naylor*, 100 N. Y. 562.)

RUGER, Ch. J. A more careful consideration by the trial court of the facts established by the admissions of the pleadings would have obviated the errors which, we think, are contained in the record before us. In theory the action was that of a tenant against his landlord, to recover the value of certain fixtures placed by the tenant upon the premises of the landlord during the term and left thereon by consent, when the tenant surrendered possession. The complaint averred the ownership of the fixtures by the plaintiffs and their value; the ownership of the leased premises by the defendant Sutherland, and the conversion of the fixtures by the defendants. The answer denies the complaint, except as admitted, admits the ownership of the leased premises by Sutherland and a demand and refusal of the property described, and alleges that on the 1st day of May, 1877, when the demand was made, the defendant Sutherland was the lawful owner of the fixtures described in the complaint.

As near as we can understand the opinions of the courts below, the plaintiffs have been defeated upon the ground that they had not made out a cause of action against one Mrs. Payne, who was claimed, in some way, to be the owner of the land on which the fixtures were placed. Mrs. Payne was not in any way a party to the action, and how this result could have been arrived at, in view of the admission in the pleadings

that Sutherland was the owner of the leased premises and the proof showing that he had possession and control of them during the whole period in controversy, is not clearly exhibited in the opinion below. The evidence showed that the plaintiffs, in 1872, leased of the defendant Sutherland certain premises in New York for a coal yard, for a period of ten years, at an annual rent of $2,500, payable quarterly; that they placed therein fixtures of the value of about $1,000; that in July, 1876, becoming embarrassed in business, they made an assignment to one Moses B. Thorn; that during the month of August thereafter they effected a compromise with all their creditors, including their obligations for rent, and, before September first, had received from their assignees a reconveyance of the property assigned. There was evidence also that the defendant Sutherland was desirous of regaining possession of the demised premises, and on September 4, 1876, induced the plaintiffs to surrender them to him, with the fixtures thereon, under an agreement that they might leave them on the premises and receive the value thereof in case he made a sale of the premises, as he contemplated, or he would buy them, or procure their sale to his lessee in case he succeeded in leasing the premises to third parties. Sutherland thereupon received possession of the property and soon thereafter leased it to the defendant Winter. After some further negotiations with plaintiffs, Sutherland declined or neglected to purchase and pay for the fixtures, and thereupon the plaintiffs demanded from both Sutherland and Winter, his lessee, their possession, which was refused, and this action was brought to recover their value.

No question is made in the case but that the plaintiffs placed the fixtures on the premises for trade purposes; or, but that they were removable by the tenant during his term. The undisputed control of the premises by Sutherland is shown by the fact that he executed leases thereof in his own name to tenants who occupied under them from 1872 until after the commencement of this action. He not only does not dispute, but admits that he owned the premises, and he necessarily had

such a possession of them as gave him control of the fixtures and the right to deliver them to the true owners, if he had been so disposed. It is difficult to see why his refusal to deliver them did not afford evidence of a conversion which would authorize the verdict of a jury against him.

We have been unable to see that the defendant has at all sustained the only material allegation of his answer, viz.: that he at any time became the owner of the fixtures, and no attempt was made by him to prove this fact. The answer does not allege that Mrs. Payne became the owner, but that Sutherland was such owner. But it is suggested by the argu-ment below that the tenant forfeited in some way to Mrs. Payne his title to the fixtures, and this claim seems to have been based upon some evidence in the case. That evidence showed that Mrs. Payne commenced proceedings under the Landlord and Tenant Act, against the plaintiffs on September 5, 1876, to dispossess them for the non-payment of rent falling due August 1, 1876, upon an allegation that she was the assignee of the lease under which plaintiffs held, and that this proceeding culminated in a judgment of dispossession by default on September 9, 1876. No warrant of dispossession followed this judgment, and it was affirmatively shown that possession was surrendered voluntarily to Sutherland previous to this judgment and that he immediately took possession and soon thereafter leased the premises to another. What effect this judgment might have had in an action by the plaintiffs against Mrs. Payne, it is unnecessary to consider. It is enough to say that, so far as appears, Sutherland was not a party or privy to it, and it creates no estoppel in his favor. The fact that the August rent, for the non-payment of which the defendant was dispossessed, was actually compromised and paid to Mrs. Payne and that possession was acquired by Sutherland under a voluntary surrender might have a serious bearing upon the legal effect of the judgment of dispossession in a controversy between her and the plaintiffs. The introduction of Mrs. Payne's name into the controversy, at the time it was made, was wholly irregular and objectionable. Before the

plaintiffs had rested and while the examination of their first witness was progressing, the trial court permitted the defendants to take the case into their hands and prove, not only the judgment of dispossession, but the will of William Payne, under whom Mrs. Payne claimed, and also a transfer by Sutherland to William Payne of the original lease to plaintiffs. These facts were not set up in the answer and were wholly irrelevant to the issues in the case. This was objected to by plaintiffs and, if the ruling admitting this evidence had been excepted to, it would have presented a sufficient ground for a reversal of the judgment.

Taking the evidence, however, as properly received and giving it its fullest effect, it proved only that Sutherland was the actual owner and possessor of the property and that Mrs. Payne held the title and the lease simply as security for a debt owing to her by Sutherland. This did not constitute her the owner of the property, or give her the right of possession, or authority to lease or exercise authority over the fixtures erected thereon by tenants (*Barry* v. *H. B. F. Ins. Co.*, 110 N. Y. 1.) Sutherland was the only person who appears to have had such authority, and the proof is ample that he persuaded the plaintiffs to leave their property on his premises after their surrender, through a promise to assist them in selling it. Leaving the property on the premises after the expiration of their term, under such circumstances, did not work a forfeiture of its ownership. (*Torrey* v. *Burnett*, 38 N. J. L. 457.)

We think on this case the plaintiffs were entitled to go to the jury, and the exception to the ruling of the trial court dismissing their complaint was well taken.

The judgment of the court below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.