ANTOINETTE MACAULEY, Appellant, *v.* ROBERT H. SMITH et al., Respondents.

L. conveyed certain premises to S. T. and H. by deeds absolute on their face in pursuance of an agreement, by which she contracted to so convey as security for a loan which the grantees agreed to and did make; said loan to be for a period not exceeding one year from the date of the deed. Upon repayment of the loan with the interest the grantees agreed to reconvey; but in case it was not repaid within the year, the grantor agreed that the deed should become absolute and that the grantees, their heirs and assigns, should become the owners in fee simple absolute. The loan was not repaid within the year and thereafter the grantor surrendered possession of the premises to the grantees. Plaintiff levied upon the premises, by virtue of an attachment against L. as a non-resident, in an action wherein the summons was served by publication, obtained judgment by default, and issued execution thereon. In an action to have said deeds declared to be mortgages, and the premises subjected to the lien of the plaintiff's judgment, *held*, that plaintiff was entitled to the relief sought; that the deeds were mortgages; that the provision in the contract that if the loan was not repaid in the time specified they should become absolute conveyances, was ineffectual; that, as, therefore, the title remained in L., the lien by virtue of the attachment was valid, and the judgment and execution became a specific lien upon the land.

The grantees before the attachment was issued executed a deed of the premises to the defendant, the N. Y. B. Union. The grantee had no notice of the agreement; it admitted that a portion of the purchase-money, agreed by it to be paid, remained unpaid. *Held*, that said defendant could not maintain the defense; that it was not a *bona fide* purchase for value, as in order to sustain that relation, it must have paid all of the purchase-money; but that to the extent of its payments innocently made before notice of plaintiff's claim it was entitled to protection. *Thurber* v. *Blanck* (50 N. Y. 80), distinguished.

(Argued April 18, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1890, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought to have certain conveyances of real estate by warranty deeds declared to be mortgages, and to have

the real estate adjudged to be subject to the lien of a certain judgment recovered by the plaintiff against the grantor in such deeds, and an execution issued thereon.

The action in which the judgment was entered was for the recovery of. money only, and was commenced in August, 1879, by this plaintiff against Lucilia Tracy by publication of a summons against the defendant therein as a non-resident, and an attachment was at the same time issued against her property, which was in form levied upon the real estate in question. Judgment by default was entered in that action in July, 1883, and an execution issued thereon to the sheriff of the county where the property was situated, which execution has since been held by the sheriff. On and prior to the 6th day of July, 1871, Lucilia Tracy was the owner and in possession of two parcels of real estate on Alexander street in the city of Rochester, upon one of which parcels there were two mortgages of $5,000 and $2,000, respectively. On the 5th day of July, 1871, she entered into an agreement in writing with the defendants Robert H. Smith and Calvin Tracy, and one Slocum Howland, since deceased (who is represented in this action by the defendants William and Emily Howland, as his executors), whereby in consideration of and for the purpose of securing a loan of $8,240, she agreed to execute and deliver to them a good and sufficient warranty deed of both parcels of land above mentioned ; and the agreement proceeds as follows : " And the said Howland, Smith and Tracy, in consideration of and before the execution and delivery of said deed, hereby agree to advance the said sum of $8,240 (in a manner specified) to the said Lucilia Tracy. It is also hereby agreed by and between the parties hereto that the said deed is to be and is a security for said loan for a term not exceeding one year from the date of said deed; which is to be hereafter executed ; and that upon the repayment of said sum of $8,240, with interest, within or at the expiration of said one year, by the said Lucilia Tracy, her heirs, executors, administrators or assigns, the said Howland, Smith and Tracy, their and each of their heirs, executors, administrators or

:assigns, are to reconvey said premises so conveyed to said Lucilia Tracy, her heirs, executors, administrators and assigns, free from all incumbrances o̧r liens thereon, except such as exist and are liens or incumbrances upon said premises at the time of the conveyance thereof as aforesaid by the said Lucilia Tracy." "And in case the said sum of $8,240 shall not be repaid during or at the expiration of one year as aforesaid, then it is understood and agreed that the said deed so as aforesaid to be executed by the said Lucilia Tracy, is to become and be a deed absolute, and the said Howland, Smith and Tracy, or their heirs or assigns, are to become and be the owners thereof in fee simple absolute." On the following day, Miss Tracy executed and delivered to the other parties to the agreement deeds of the two parcels of land, containing the usual covenants of warranty, which were on the same day duly recorded in the clerk's office of Monroe county, in and by one of which deeds the grantees, as part consideration of the conveyance, assumed the payment of the two mortgages above mentioned, but did not covenant to pay them. The loan was not repaid, and in December, 1872, the grantor, who remained in possession of the premises for about two years after the date of the deeds and then quit and surrendered possession of the premises to the grantees, who remained in possession thereof, by tenants or otherwise, until the 1st of January, 1875, when they sold and conveyed the same to the defendant, the New York Baptist Union for Ministerial Education, which has ever since been in possession of the premises, claiming title thereto.

The debts for which plaintiff obtained judgment against Lucilia Tracy were contracted prior to January 1, 1872. The agreement of July 5, 1871, was never recorded, and the defendant, the Baptist Union, had no notice thereof at the time of its purchase of the property.

It was conceded on the part of the plaintiff that her judgment against the grantor in the deeds above mentioned is of no force or effect for the purposes of this action, unless as a judgment *in rem.* by virtue of a levy of the attachment upon the property in question. (Code of Civil Procedure, § 707.)

*John Van Voorhis* for appellant. The transaction created the relations of mortgagor and mortgagee between Lucilia Tracy, and Howland, Smith and Tracy. (*Garnsey* v. *Rogers,* 47 N. Y. 293; *Conway* v. *Alexander,* 7 Cranch, 240; *Flagg* v. *Mann,* 2 Sumn. 527; *Wharf* v. *Howell,* 5 Binn. 503; *Glover* v. *Payne,* 19 Wend. 520; *Edrington* v. *Harper,* 3 J. J. M. 354; *Webb* v. *Paterson,* 7 Hump. 435; *Holmes* v. *Grant,* 8 Paige, 257; *Ross* v. *Norvell,* 1 Wash. 40; *Thompson* v. *Davenport,* Id. 125; *Bennett* v. *Holt,* 2 Yerg. 6; *Horn* v. *Ketellas,* 46 N. Y. 605; *Morris* v. *Budlong,* 78 id. 543; *Kraemer* v. *Adlesberger,* 122 id. 467; *Randall* v. *Sanders,* 87 id. 578; *Howard* v. *Hams,* 1 Vern. 190; *James* v. *Oades,* 2 id. 402; *Newcomb* v. *Bonham,* 1 id. 7; *Remsen* v. *Hay,* 2 Edw. Ch. 585; *Brown* v. *Gaffray,* 28 N.Y. 149; *Shattuck* v. *Bascom,* 105 id. 46.) The deeds constituting a mortgage, the title remained in Lucilia Tracy. (*Barry* v. *H. B. F. Ins. Co.,* 110 N.Y. 1; *Thorn* v. *Sutherland,* 123 id. 236; Pom. Eq. Juris. § 73.) The plaintiff's attachment was properly levied upon this land. Her judgment, which followed the attachment, became a specific lien upon the land. The land could be sold upon the execution and the purchaser could redeem. (*Stonehewer* v. *Thompson,* 2 Atk. 440; *Neate* v. *Duke of Marlborough,* 3 My. & Cr. 407; *Jeffreys* v. *Dixon,* L. R. [1 Ch.] 183; *Mildred* v. *Austin,* L. R. [8 Eq.] 226; *In re Cowbridge R. Co.,* 5 id. 413; *Guest* v. *Cowbridge R. Co.,* 6 id. 619; *Thornton* v. *Finch,* 4 Giff. 505; *Beck* v. *Burdett,* 1 Paige, 305; *Heyd* v. *Bolles,* 33 How. Pr. 266; *Skinner* v. *Stuart,* 13 Abb. Pr. 442; *Rinchey* v. *Stryker,* 28 N. Y. 45; *Frost* v. *Mutt,* 34 id. 253; *Adsit* v. *Butler,* 87 id. 585; *Dulevy* v. *Tallmadge,* 32 id. 457; *Scythe Co.* v. *Foster,* 36 id. 561; *Bowe* v. *Arnold,* 31 Hun, 256; 101 N. Y. 652; *McIvain* v. *Willis,* 5 Wend. 561.) A mortgagee in possession is a trustee for the mortgagor. (*Kane* v. *Bloodgood,* 7 Johns. Ch. 111; *Hunt* v. *Maynard,* 6 Pick. 491; *Jenkins* v. *Jones,* 2 Giff. 108; Perry on Trusts, § 243; Code Civ. Pro. § 379.) The defendant, the New York Baptist Union for Ministerial Education, is not a *bona fide* purchaser. (*Sargent* v. *E. S. Co.,* 46 Hun, 19; *Boone* v. *Chiles,* 10 Pet. 179;

*Thomas* v. *Stone*, Walk. Ch. 117 ; *McBee* v. *Loftus*, 1 Strohb. Eq. Rep. 90 ; *Harris* v. *Norton*, 16 Barb. 264 ; *Story* v. *Lord Windsor*, 2 Atk. 630 ; *Hardingham* v. *Nicholls*, 3 id. 304 ; *Doswell* v. *Buchanan*, 3 Leigh, 365 ; *Jewett* v. *Palmer*, 7 Johns. Ch. 65 ; *Paul* v. *Fulton*, 25 Mo. 156 ; *Wormly* v. *Wormly*, 8 Wheat. 449 ; *Dugan* v. *Vattier*, 3 Blackf. 245 ; *Lewis* v. *Phillips*, 17 Ind. 108 ; *Patten* v. *Moore*, 32 N. H. 382 ; *Blanchard* v. *Tyler*, 12 Mich. 339 ; *Palmer* v. *Williams*, 24 Mich. 328 ; *Hunter* v. *Shirrall*, 5 Litt. 62 ; *Tourville* v. *Naish*, 3 P. Wms. 306 ; *Jones* v. *Stanly*, 2 Eq. Cas. 685 ; *Merritt* v. *N. R. R. Co.*, 12 Barb. 605 ; *Jackson* v. *Cadwell* 1 Cow. 622 ; *Freeman* v. *Deming*, 3 Sandf. Ch. 327 ; *Swayze* v. *Burke*, 12 Pet. 11 ; *Matson* v. *Heirs*, 42 Mich. 473 ; *Campbell* v. *Roach*, 45 Ala. 667 ; Perry on Trusts, §§ 219, 221 ; 2 Pom. Eq. Juris. 750 ; *Clements* v. *Moore*, 6 Wall. 299 ; *Holme* v. *Karsper*, 5 Bing. 469 ; *Clifton* v. *Sheldon*, 23 How. Pr. 481 ; *Vallett* v. *Parker*, 6 Wend. 615.) The defense of a former adjudication is not available. (*Dawley* v. *Brown*, 79 N. Y. 390.) No point can be made on the erasure of the signatures. (*Trull* v. *Skinner*, 17 Pick. 213 ; *Patterson* v. *Yeaton*, 47 Maine, 308 ; *Ford* v. *Olden*, L. R. [3 Eq. Cas.] 461 ; *Holdridge* v. *Gillespie*, 2 Johns. Ch. 30 ; 2 Washb. on Real Prop. 63, 119 ; *Russell* v. *Southard*, 12 How. Pr. 139, 154 ; *Villa* v. *Rodriguez*, 12 Wall. 323 ; *Morris* v. *Nixon*, 1 How. Pr. 118 ; *Platt* v. *McClure*, 3 Woodb. & M. 151 ; *Hyndman* v. *Hyndman*, 19 Verm. 9 ; *McKinstry* v. *Conly*, 12 Ala. 678 ; *Hicks* v. *Hicks*, 5 G. & J. 75 ; *Scheckell* v. *Hopkins*, 2 Md. Ch. 89 ; *Wynkoop* v. *Cowing*, 21 Ill. 570 ; *Davoue* v. *Fanning*, 2 Johns. Ch. 252 ; *Brown* v. *Gaffney*, 28 Ill. 149 ; *Lockes* v. *Palmer*, 26 Ala. 312 ; *Baugher* v. *Meyryman*, 32 Md. 185 ; *Mills* v. *Mills*, 26 Conn. 213 ; *C. C. Bank* v. *Risley*, 19 N.Y. 575.)

*Rollin Tracy* for respondents. The property sought to be reached and applied, by this action in equity, upon the attachment judgment, is such as can be reached only by the aid and instrumentality of a court of equity, and, therefore, constitutes what is denominated equitable assets. (Story's Eq. Juris.

§ 552; Willard's Eq. Juris. 562; *Blank* v. *Thurber,* 50 N. Y. 80.) No lien is effected upon equitable assets, either real or personal, by virtue of an attachment levied thereon in an action wherein the debtor is a non-resident, and service of the summons was made without the state or by publication, pursuant to an order for that purpose, and the debtor has not appeared; nor will a judgment entered by default in such action become a lien upon such assets; nor will a court of equity, by means of a creditor's bill based on such attachment and judgment, acquire jurisdiction of equitable assets or entertain an action to reach and apply the same in aid of the attachment or in satisfaction of the judgment. (*Gibbs* v. *Q. Ins. Co.,* 63 N. Y. 125; *Shephard* v. *Wright,* 113 id. 582; *Pennoyer* v. *Neff,* 95 U. S. 714; *Freeman* v. *Alderson,* 119 id. 185; Code Civ. Pro. §§ 635, 645, 646, 647, 649, 650, 707; *Rinchy* v. *Stryker,* 28 N. Y. 45; *Lawrence* v. *Bank of Republic,* 35 id. 320; *Thurber* v. *Blank,* 50 id. 80; *Bowe* v. *Arnold,* 38 Hun, 256; 101 N. Y. 652; *Dunlevy* v. *Tallmadge,* 32 id. 457; *Scythe Co.* v. *Forster,* 36 id. 561; *Sturges* v. *Vanderbilt,* 73 id. 384; *Castle* v. *Lewis,* 78 id. 131; *Bills* v. *Bank,* 89 id. 343; *Gibson* v. *Bank,* 98 id. 87; *Adsit* v. *Butler,* 87 id. 590.) The deeds to Howland, Smith and Tracy conveyed the absolute title in fee in the premises conveyed, and Lucilia Tracy had no interest, equitable or otherwise, in the premises at the time of the attempted levy under the attachment, and has since had no interest therein, and for that reason the action was properly dismissed. (Jones on Mort. [3d ed.] §§ 260, 261, 267, 269, 270, 272, 338, 339; *Glover* v. *Payn,* 19 Wend. 519; *Matthews* v. *Shehan,* 69 N. Y. 591; *Macauly* v. *Porter,* 71 id. 173; *Randall* v. *Sanders,* 87 id. 578; *Kramer* v. *Adelsberger,* 122 id. 476; *Macaulay* v. *Smith,* 10 N. Y. Supp. 578; Code Civ. Pro. § 1337; *Verplank* v. *Member,* 74 N. Y. 620; *Bird* v. *Meyer,* 113 id. 567.) The New York Baptist Union for Ministerial Education, having no notice of the agreement, took the title in fee of the premises, whether the original transaction constituted a sale or an equitable mortgage. (*Stoddard* v. *Rotton,* 5 Bosw. 378; *Hogarty* v. *Lynch,* 6 id. 144; *Tar-*

*bell* v. *West,* 86 N. Y. 280 ; Code Civ. Pro. § 1337 ; *Verplanck*
v. *Messeler,* 74 N. Y. 620 ; *Bird* v. *Mayer,* 113 id. 567 ; 3
Wait's Act. & Def. 474 ; Wait on Fraud. Conv. [2d ed.] §§ 386,
631 ; *Barnard* v. *Campbell,* 65 Barb. 286 ; 55 N. Y. 450 ; 58
id. 73 ; *Viele* v. *Judson,* 15 Hun, 328 ; *Jackson* v. *Bartlett,*
10 Johns. 195.)

LANDON, J. The agreement which antedated the deeds by
one day and expressed their intent and purpose should be read
in connection with them. Thus read, the deeds are shown to
have been given by Lucilia Tracy to Howland, Smith and
Tracy "for the purpose of securing and in consideration of
said loan of $8,240 " made by the grantees to the grantor and
"that the said deed    *    *    *    is a security for said loan for
a term not exceeding one year from the date of said deed
*    *    *    and that upon the repayment of said sum of $8,240,
with interest within or at the expiration of one year by the
said Lucilia    *    *    *    the said Howland, Smith and Tracy
are to reconvey said premises to said Lucilia,    *    *    *    and
in case said sum of $8,240 shall not be repaid during or at
the expiration of one year as aforesaid, then it is understood
and agreed that the said deed    *    *    *    is to become and be
a deed absolute, and the said Howland, Smith and Tracy are
to become and be the owners in fee simple absolute."

The deeds are thus clearly shown to have been intended as
mortgages. This conclusion is also inferable from the facts.
The premises at the date of the deeds were worth $30,000.
The judgments against the premises were by the terms of the
agreement to be paid from the money loaned, and presumably
were either paid or their amount retained by the grantees from
the $8,240. The amount of the outstanding mortgages against
the premises was $7,000. It is not presumable that Lucilia
Tracy intended to sell property worth $30,000 for $15,240.
The grantor remained in possession of the premises for about
two years after the delivery of the deeds. She was embar-
rassed and straightened for money. Stress is laid by the
defendants upon the fact that the grantor did not expressly

covenant to repay the money. The cases are to the effect that this is one of several circumstances to be considered (*Horn* v. *Keteltas*, 46 N. Y. 605 ; *Morris* v. *Budlong*, 78 id. 552; *Brown* v. *Dewey*, 1 Sand. Ch. 57), and here it is to be considered in connection with the repeated statement that the money to be advanced by the grantees is a loan and that " said deed is a security for said loan for a term of not exceeding one year," and that upon repayment the grantees should reconvey to the grantor. It is plain that repayment of the loan was contemplated ; nothing is said of the repayment of purchase money, and there is nothing in the agreement indicating that the money advanced by the grantees was purchase-money, except that in case said sum of $8,240 (previously termed a loan), should not be repaid at the expiration of one year, " then it is understood and agreed that the said deed is to *become* and be a deed absolute," thus clearly indicating that at the date of the transaction said sum was not purchase-money and said deed was not a deed absolute, but was to become so in case of non-payment of the loan. Clearly upon the undisputed facts the deeds were a mortgage to secure the money loaned, and the trial court erred in refusing the plaintiff's request so to find. The agreement that the non-payment of the loan within the time specified should convert the mortgage into an absolute deed did not have that effect. The agreement to turn a mortgage into an absolute deed in case of default is one that finds no favor in equity. The maxim " once a mortgage always a mortgage " governs the case. (*Horn* v. *Keteltas, supra ; Murray* v. *Walker*, 31 N. Y. 400 ; *Carr* v. *Carr*, 52 id. 251 ; *Remsen* v. *Hay*, 2 Edw. Ch. 535 ; *Clark* v. *Henry*, 2 Cow. 324 ; *Morris* v. *Nixon*, 1 How. [U. S.] 118 ; *Villa* v. *Rodriguez*, 12 Wall. 323 ; 4 Kent's Com. 143.) Since the deeds were a mortgage the title did not pass to the grantees but remained in Lucilia Tracy. (*Barry* v. *Hamburg B. Fire Ins. Co.*, 110 N. Y. 1 ; *Thorn* v. *Sutherland*, 123 id. 236 ; *Shattuck* v. *Bascom*, 105 id. 39.)

The levy under the plaintiff's attachment was, therefore, upon Mrs. Tracy's land to which she had the legal title. It

was not merely an attempted levy upon her equitable right to obtain title.   As against Howland, Smith and Tracy the levy was valid and the judgment and execution which followed the attachment became a specific lien upon the land itself, and the land could be sold upon execution.

Howland, Smith and Tracy conveyed the premises before the attachment was issued to the defendant, the N. Y. Baptist Union for Ministerial Education.   This defendant by its answer admits that $3,000 of the purchase-money, with interest from January 1, 1883, remains unpaid, and that $1,550 of the principal of one of the mortgages upon the premises given by Mrs. Tracy also remains unpaid.   This defendant in order to maintain the defense that it is a *bona fide* purchaser without notice of plaintiff's rights, must have paid all the purchase-money.   (*Sargent* v. *Eureka S. A. Co.*, 46 Hun, 19 ; *Harris* v. *Norton,* 16 Barb. 264 ; *Jewett* v. *Palmer*, 7 Johns. Ch. 61 ; *Jackson ex dem.* v. *Cadwell*, 1 Cow. 622 ; *Boone* v. *Chiles*, 10 Peters, 179 ; *Patten* v. *Moore*, 32 N. H. 382.)

In equity it has not completed its purchase, but to the extent of its payments innocently made before notice of plaintiff's claim is entitled to protection.   It may, therefore, retire from the transaction without actual loss and without further impairing the rights of the plaintiff.

The action is in aid of plaintiff's execution.   Its object is not to reach any equitable assets of Mrs. Tracy, but to strip from her legal title to the premises in question the obstructions created by the deed by which such title, apparently but not in fact, passed from her to Howland, Smith and Tracy, and from them to the Baptist Union, and thus to show that the lien acquired by plaintiff's attachment of the premises and perfected by her judgment and execution was valid, and, therefore, may now be enforced free from the obstructions which seemed to defeat it.   Such an action is within the equitable jurisdiction of the court.   (*Beck* v. *Burdett*, 1 Paige, 305 ; *Heye* v. *Bolles,* 33 How. Pr. 266 ; *Rinchey* v. *Stryker*, 28 N. Y. 45 ; *Frost* v. *Mott*, 34 id. 253.)   *Thurber* v. *Blanck* (50 N. Y. 80) does not hold otherwise, but does hold that the attach-

ment to be effective must operate upon legal rights; the precise position of the plaintiff here.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed. _____