S. HOBART DORR, Respondent, *v.* AUGUST BECK, as Sheriff, etc., et al., Appellants.

*Transfer by a debtor — evidence of fraudulent intent — when the purchaser is protected — improper admission of evidence — when disregarded on appeal.*

The fact that the creditors of a person had brought suit on their claims against him, and two days after he made a transfer of his stock of goods and fixtures in a drug store recovered judgment thereon, is some evidence of intent on the part of the debtor to hinder, delay and defraud his creditors by such transfer.

Whatever may be the design of a judgment debtor in disposing of his property, good faith on the part of the purchaser in making the purchase will protect him and his title to the goods.

Upon the trial of an action brought against a sheriff to recover a stock of goods alleged to have been transferred by a judgment debtor to the plaintiff and to have been taken possession of by such sheriff under an execution, the plaintiff, as a witness, was asked to state what was the fair market value of the property at the time of the levy and sale by the sheriff, to which an objection was made that it was not the proper measure of damages, which was overruled and the defendant excepted.

*Held,* that if the evidence offered was to prove the value at retail prices of the goods, its reception was error, but that such was not necessarily the import of the question which the witness was called upon to answer;

That the measure of damages was the value of the property at the time referred to in the question, and it could not be assumed that the witness could or did include in his answer anything beyond its then value.

Where upon a trial immaterial evidence is improperly received over objection, if it does not prejudice the person objecting it is not upon appeal a ground for reversal of a judgment rendered against him.

APPEAL by the defendants, August Beck, as sheriff of Erie county, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 28th day of August, 1893, upon the report of a referee.

*F. M. Inglehart,* for the appellants.

*William J. Cramer,* for the respondent.

BRADLEY, J.:

The defendant Beck, as sheriff, by virtue of an execution issued upon a judgment in favor of the other defendants against one

Charles Skinner, levied upon the goods in question and afterwards
sold them at the instance of the other defendants. The property
consisted of a stock of goods and fixtures in a drug store, at the
time of the levy in the possession of the plaintiff, who was engaged
in the business of selling the goods at retail. Skinner, having been
the former owner, had carried on the business there until two days
before the levy was made. He then sold out to the plaintiff. The
defense is mainly founded on the charge that the sale to the plain-
tiff and the purchase by him were made with the intent to defraud
the creditors of Skinner. The referee found otherwise. And his
conclusion in that respect was supported by the evidence.

The fact that the defendants Hubbard were proceeding to judg-
ment against Skinner, and recovered it two days after he made the
sale, is some evidence of intent on the part of the latter to hinder,
delay or defraud his creditors by his sale made of the property, and
if the question had rested wholly upon his purpose the referee would
have been fairly justified in finding the fact of such intent in sup-
port of the levy and sale. But whatever may have been the design
of Skinner in disposing of the property, good faith on the part of
the plaintiff in making the purchase and paying the consideration
would give protection to him and his title as purchaser. The pur-
chase price was $2,000. He at the time paid $500 and assumed an
indebtedness of Skinner for the goods amounting to $1,500, and
substituted his own notes with his mortgage to the creditor in place
of those before held against Skinner. There is no evidence tending
to prove that the plaintiff had any knowledge of the indebtedness of
Skinner to the defendants Hubbard, or of any action pending to
recover it at the time of the purchase, but there was evidence which
permitted the conclusion that he had no such knowledge or informa-
tion and that he neither knew or believed that the sale was intended
by Skinner to defraud his creditors. The price he paid and under-
took to pay for the property was equal in amount to its fair value.
Upon the evidence in view of the findings of the referee it must be
assumed that the plaintiff was a purchaser in good faith for value.
And, therefore, his title was sufficient to support his action for
relief against the defendants. (*Jaeger* v. *Kelley*, 52 N. Y. 274;
*Starin* v. *Kelly*, 88 id. 418; *Stearns* v. *Gage*, 79 id. 102; *Parker* v.
*Conner*, 93 id. 118; *Zoeller* v. *Riley*, 100 id. 102; *Bush* v.

*Roberts*, 111 id. 278.) The facts as found by the referee were supported by the evidence, and no consideration of any of the exceptions to them is required. It is, however, urged that he erred in some rulings admitting evidence on the trial.

When the plaintiff, as a witness, was asked to state what was the fair market value of the property at the time of the levy and sale by the sheriff, the objection was taken that it was not the proper measure of damages. The objection was overruled and defendant excepted. If the evidence so offered was to prove the value at retail prices of the goods as claimed by the defendants, its reception was error. ( *Wehle* v. *Haviland*, 69 N. Y. 448.) But such was not necessarily the import of the question which the witness was called upon to answer, and if it had subsequently appeared that such was the effect of the evidence given by him, a motion could properly have been made to strike it out.

The measure of damages was the value of the property at the time referred to in the question, and it cannot be assumed that the witness could or did include in his answer anything beyond its then value. The retail prices would necessarily embrace uncertain or indefinite profits in the future, and involve the labor and expense attending the disposition in that manner of the stock. There was no apparent error in the ruling.

The plaintiff was permitted to introduce some evidence of the average daily sales and expense of the business of selling goods from the stock at the store a short time before the levy was made, and exception was taken. This evidence, abstractly considered, was immaterial, and its reception error, but it is not seen that it could have prejudiced the defendant in any respect. It had no bearing upon the question of value of the property, and the amount of the recovery was based solely upon the value of it as found by the referee. The evidence was evidently harmless.

And the examination of the other rulings upon the trial discloses no error to the prejudice of the defendants. There was some conflict in the evidence upon the question of value of the property, presenting quite a difference of opinion upon that subject.

The referee adopted that midway between the two extremes as its value. In this it cannot be said, in view of the entire evidence, that in determining that question of fact he did any injustice to the

defendants. And his opinion indicates that the evidence was carefully considered by him.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.