SARAH F. SUMNER and Another, Appellants, v. MILTON P. SKINNER and Others, Respondents.

80   201
86   419
80   201
149a 597

*Fraudulent conveyance — proof of knowledge by the grantee of the grantor's fraudulent intent — deed given to secure a loan — purchaser from the grantee protected — a prior judgment creditor is not a proper party to a foreclosure action.*

In an action brought to set aside as fraudulent a conveyance of real estate made by a judgment debtor, it is for the plaintiff to show not only a fraudulent intent on the part of the judgment debtor in making such conveyance, but also that the grantee received the same with notice or knowledge of such unlawful intent.

When a conveyance, in the form of a deed, is made to secure a loan, so that the interest of the grantee is in fact that of a mortgagee, although he has on the records the apparent legal title, one who, in good faith and for value, purchases the mortgaged premises from such grantee obtains a valid title thereto as against the mortgagor and all other persons.

Where a judgment was recovered against the owner of real estate prior to his execution of a mortgage upon the same, the judgment creditor, upon the foreclosure of such mortgage, is not a necessary or proper party to the foreclosure

action commenced by such mortgagee, nor is he affected by the decree in that action, as the sale thereunder is subject to his judgment.

In an action brought by one Sumner to set aside a conveyance of real estate upon the ground that it was fraudulent as to creditors of the grantor, it appeared that the real estate in question was conveyed in 1882 by a warranty deed by William Van Vranken to Robert Clements, to secure an indebtedness owing by Van Vranken to Clements. In 1883 a judgment was recovered and docketed in the county in which such real property was situated by Sumner against Van Vranken, who in 1884, having paid the indebtedness to Clements, caused to be executed by the widow and heirs of Clements, who had died, a conveyance of the property in question to one Skinner, for the purpose of securing an indebtedness owing by Van Vranken to Skinner.

*Held,* that there being an actual, honest indebtedness to Skinner, the conveyance made to Skinner in 1884 was not fraudulent as against Sumner, and that Sumner was not entitled to a judgment setting the same aside.

APPEAL by the plaintiffs, Sarah F. Sumner and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Schenectady on the 28th day of December, 1893, upon the decision of the court, rendered after a trial at the Schenectady Special Term, dismissing the plaintiffs' complaint upon the merits, with notice of an intention to bring up for review on such appeal the exceptions taken upon the trial and the exceptions to the findings and the refusals to find of the court.

*George L. Stedman,* for the appellants.

*Jas. C. Bergen* and *A. J. Thompson,* for the respondents.

PUTNAM, J.:

This is an appeal from a judgment in favor of the defendants dismissing the complaint on the merits, with costs. The action was brought by plaintiffs, as judgment creditors of one William Van Vranken, to set aside certain deeds, alleged to be mortgages, by which said Van Vranken was divested of all his real estate, which was situated in Schenectady county, and a judgment of foreclosure of one of such mortgage deeds, on the ground that said instruments were made and executed or procured to be so executed by said Van Vranken, the judgment debtor, with intent to hinder, delay and defraud creditors.

Plaintiffs recovered a judgment against Van Vranken on the 3d

day of January, 1883, which was docketed in Schenectady county, where the defendant resided, on January 6, 1883, and an execution, issued on said judgment on that day to the sheriff of said county, against the property of the judgment debtor, was shortly afterwards returned unsatisfied.

The conveyances alleged in the complaint to have been executed with intent to hinder, delay and defraud the creditors of the judgment debtor, were in form ordinary warranty deeds. One made by the judgment debtor on October 17, 1882, to Robert Clements, conveyed all the real estate of the grantor, which was of large value. The other, executed April 12, 1884, Robert Clements having died intestate, by his widow and heirs, to Samuel Skinner, as executor of Peter Skinner, deceased, conveyed the same premises described in the deed first above mentioned. The last-mentioned deed appears to have been made at the request of Van Vranken and to secure certain claims against him in favor of the grantee therein. The interest of such grantee under said last-mentioned deed having been transferred to one Milton P. Skinner, an heir of Peter Skinner, deceased, he commenced an action to foreclose said deed as a mortgage, and obtained judgment of foreclosure on the 14th day of December, 1892. This action was commenced on or about January 21, 1893, and the plaintiffs asked to have declared fraudulent and void the two deeds above described, and also that said judgment of foreclosure obtained on the deed last described be vacated and set aside as also collusive and fraudulent.

The trial judge held that the two deeds above described were in fact mortgages, the first to secure certain indebtedness and the payment of certain obligations existing, or to exist, between said Van Vranken and the grantee Clements; the second deed from the widow and heirs of Clements was also given to secure an indebtedness of said Van Vranken to the grantee named therein.

He also found that each of said conveyances was made upon a good, lawful and sufficient consideration, and without any notice to or knowledge by the grantees, or either of them, of any intent on the part of Van Vranken to hinder, delay or defraud creditors.

It was for the plaintiffs to show on the trial not only a fraudulent intent on the part of Van Vranken in making the conveyance to Clements, and in procuring his widow and heirs to convey to Skin-

ner, but also that said grantees received their respective deeds with notice or knowledge of such unlawful intent. (*Starin* v. *Kelly*, 88 N. Y. 418.)

We have carefully examined and considered the evidence contained in the case, and see no reason to doubt the correctness of the conclusions reached by the learned trial justice that the said two deeds were in fact mortgages, each made upon a good, lawful and sufficient consideration, and without any notice or knowledge on the part of the respective grantees of any unlawful intent on the part of Van Vranken.

As suggested, however, by the trial judge, it is not necessary to consider whether or not the deed from Van Vranken to Clements was made with intent to hinder, delay or defraud creditors, inasmuch as it appears that at the time of and prior to the deed from the heirs of Clements to Skinner, Van Vranken had paid Robert Clements in full, and fully performed his obligations secured by said mortgage deed, and his heirs claimed no interest under it. Hence, even if the conveyance from Van Vranken to Clements was fraudulent and void, the deed from the heirs of the latter to Skinner, if made upon a good consideration and received in good faith, and without notice of any fraudulent intent on the part of Van Vranken, was valid. (*Murphy* v. *Briggs et al.*, 89 N. Y. 446.)

It is held that when a conveyance, in form a deed, is made to secure a loan, while the interest of the grantee is in fact that of a mortgagee, yet, having on the records an apparent title, one who in good faith and for value purchases the mortgaged premises from such grantee obtains a valid title thereto as against the mortgagor and all other persons. (See Jones on Mort. § 549; *Macauley* v. *Smith*, 132 N. Y. 524–532.)

It can hardly be doubted that where a deed is given to secure a loan, the grantee who holds the apparent legal title on the record, at the request of the grantor, may make a valid conveyance of the premises to a third party. Hence, we think the deed from the widow and heirs of Clements to Skinner conveyed a valid title to the premises therein described as a security for loans and advances made by Skinner to Van Vranken. It appearing, as above suggested, that the evidence supports the finding of the learned trial judge, that said conveyance was made for a sufficient consideration,

and without any knowledge or notice on the part of the grantee of any unlawful intent on the part of Van Vranken, the conclusion that plaintiffs have failed to prove facts sufficient to sustain the cause of action alleged in the complaint cannot be overruled. The evidence shows quite clearly that Skinner advanced large sums to Van Vranken, and we are unable to see any satisfactory evidence indicating a fraudulent intent on his part in taking the conveyance, or any knowledge of any fraudulent intent on the part of Van Vranken in procuring the execution thereof. In fact it does not appear that the latter had any fraudulent intent in securing the payment of an honest debt.

This action having been brought to set aside, vacate and have declared void the deeds above specified as fraudulent, and made with intent to defraud creditors, and the trial court having on sufficient evidence found that said conveyances were taken by the respective grantees in good faith, and upon a good, lawful and sufficient consideration, it follows that we cannot disturb his conclusion that the complaint should be dismissed on the merits.

This is not an action like that of *Barton* v. *Lynch* (69 Hun, 1) to have a deed absolute on its face declared a mortgage and for an accounting. Before this action was commenced the defendant Skinner had claimed that the conveyance of April 12, 1884, was in fact a mortgage and had obtained a judgment of foreclosure thereon. Nor was it an action like that of *Macauley* v. *Smith et al.* (*supra*) to have the deed of April 12, 1884, declared a mortgage and the premises subject to the plaintiffs' lien. Before this action was commenced defendant had obtained a judgment of the Supreme Court declaring said deed a mortgage. The said deed was conceded to have been made as a security for a debt. The object of the action was to have said deed declared void as made and received with an intent to cheat and defraud the creditors of Van Vranken.

When this action was commenced the defendant Milton P. Skinner had obtained a judgment of foreclosure upon his mortgage deed dated April 12, 1884. Although the Skinner mortgage was in fact a deed, we understand that plaintiffs' prior judgment became and remained a lien upon the mortgaged premises until the expiration of ten years from its rendition. (*Macauley* v. *Smith et al.*, *supra*; *Barry* v. *Hamburg-Bremen Fire Ins. Co.*, 110 N. Y. 1; *Thorn*

*et al.* v. *Sutherland et al.*, 123 id. 236; *Shattuck et al.* v. *Bascom*, 105 id. 39–43.)

. Therefore, plaintiffs' judgment lien being prior to the mortgage under which defendant Skinner claimed, plaintiffs were not necessary or proper parties to the foreclosure action commenced by Skinner on his subsequent mortgage deed. Nor were they affected by the decree in that action, as a sale thereunder would be subject to their judgment lien. Of course, if plaintiffs' judgment ceased to be a lien upon the mortgaged premises prior to the commencement of this action, a purchaser at the sale under the Skinner foreclosure might claim a title to the mortgaged premises free from the lien of such judgment. It was plaintiffs' misfortune if their judgment had then ceased to be a lien upon the real estate. Possibly they could have protected their rights, if any, under their judgment by issuing an execution under the provisions of section 1252 of the Code of Civil Procedure, and applying to the court to open the judgment entered in the foreclosure action, and to be let in as parties defendant.

We are unable, however, to discover from any evidence contained in the case that plaintiffs have any valid grounds to vacate and set aside the mortgage deed executed, subsequent to the rendition of plaintiffs' judgment, by the widow and heirs of Clements to Skinner, at the request of Van Vranken, to secure an actual and apparently honest indebtedness of the latter to Skinner, or the judgment of foreclosure thereof.

The judgment should be affirmed, with costs to the defendant Skinner.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs to defendant Skinner.